**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAYLOR SAGONA**<br><br>**Plaintiff,**<br>**v.**<br><br>**USA TODAY CO., INC,** doing business as, **THE COURIER** and/or **HOUMA TODAY**<br><br>**Defendant.** | **Case No.**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Comes now, Plaintiff, Taylor Sagona, by and through his counsel of record herein, against Defendant and alleges as follow:

**INTRODUCTION**

1. This is a civil action for the false and defamatory statements made and invasion of privacy through presenting in false light in violation of Louisiana Civil Code Article 2315 brought by the Plaintiff, Taylor Sagona, (hereinafter referred to as "Plaintiff"), to recover compensatory and/or statutory damages, and injunctive relief as a result of the Defendant's, USA Today Co., Inc, doing business as, The Courier and/or Houma Today (hereinafter referred to as "Defendant"), publication of false and defamatory statements with malice, and invasion of the Plaintiff's privacy through presenting in false light.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.1332, as there is complete diversity of citizenship between the parties, and the

matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 as a substantial part of the events giving rise to this claim occurred in this district. Additionally, Defendants regularly conduct business in the State of Louisiana and substantial acts that give rise to this claim have occurred in this district. Defendant expects or should have reasonably expected its acts to have consequences in this district. Defendants have directed their activities and distribution of the publications, The Courier and Houma Today, to Terrebonne Parish residents and Terrebonne Parish residents were able to purchase and/or subscribe to the publications by way of mechanisms controlled or authorized by the Defendant.

**PARTIES**

4. Plaintiff, Taylor Sagona, is a person of the full age and majority and is domiciled in the Parish of Terrebonne, State of Louisiana.

5. Defendant USA Today Co., Inc, doing business as, The Courier and/or Houma Today is an active corporation organized and existing pursuant to the laws of the State of New York. Plaintiff is informed and believes, and thereupon alleges, that Defendant does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

**FACTS**

6. The Defendant owns, operates and maintains the newspaper publication, "The Courier," and the online news-based subscription service, "Houma Today" in the Parish of Terrebonne, State of Louisiana.

7. During its tenure as owner and operator, Defendant published an article on The Courier entitled, “Man accused of having sex with minor.”

8. Within the article is not only a picture of the Plaintiff, but also the following false statements:

- “Taylor Sagona admitted to detectives that he engaged in in consensual sexual intercourse with a female more than four years younger than him.”
- A 17-yaer old Bayou Blue man was arrested Friday after admitting he had sex with an underage girl, the Lafourche Parish Sheriff’s Office said.”

9. At no pertinent time therein did Plaintiff admit to engaging in a consensual sexual intercourse with a female more than four years younger than him nor were any formal charges pursued against the Plaintiff.

10. Despite the falsity of the statements, Defendant republished the article on its subscription-based news service, Houma Today.

11. Plaintiff, individually, and through counsel, advised and communicated with Defendant of the falsity of the statements and presented evidence and information of the same.

12. Yet, Defendant continued to republish the defamatory article on Houma Today. The article is continually accessible and available to any consumer who subscribes to the Defendant’s service at www.houmatoday.com.

13. Each duplication, sale, or publication of the defamatory article, as well as the threat of continuing the same, constitutes a separate claim against Defendant. Plaintiff has sustained, and will continue to sustain, substantial damage to his personal and professional reputation in that the previously described activities of Defendants have diminished and

will continue to diminish his personal, and perhaps more importantly, his professional reputation each of which have been forever diminished in the community which he serves.

14. Defendant continues to publish the defamatory article, and unless temporarily, preliminarily and permanently enjoined by Order of this Court, will continue to publish the defamatory article, all to Plaintiff's irreparable injury. As a result of Defendant's tortious conduct, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

15. As a direct result of the conduct of Defendant, Plaintiff has suffered and continues to suffer damages to his personal and professional reputation, standing and emotional well-being.

16. Defendant has committed all the aforesaid acts maliciously, deliberately, willfully, and oppressively, without regard to Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**

**(Defamation pursuant to La. C.C. art. 2315)**

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

18. Defendant continuously and repeatedly defamed the Plaintiff through publishing an article that contained a false statement of Plaintiff admitting to engaging in a consensual sexual relationship with a minor.

19. The false statements were made with malice and total disregard for the truth as the Defendant continued to publish the false article although receiving information and evidence of its falsity.

20. As a direct result of the misconduct of Defendant, Plaintiff has suffered immeasurable economic loss to his personal, and perhaps more importantly, his professional reputation each of which have been forever diminished in the community which he serves.

21. Defendant's conduct was willful with full knowledge of and complete disregard for Plaintiff's rights.

22. Defendant is liable to Plaintiff for all damages resulting from its tortious conduct pursuant to the provisions of La. C.C. Art. 2315.

**SECOND CLAIM OF RELIEF**

**(Invasion of privacy – false light pursuant to La. C.C. art. 2315)**

23. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

24. Defendant invaded the privacy of Plaintiff through presenting him in a false light when it continuously and repeatedly published an article that contained a false statement of Plaintiff admitting to engaging in a consensual sexual relationship with a minor.

25. Defendant's false light invasion of privacy caused injury to Plaintiff's professional and personal reputation. Additionally, the invasions of privacy have caused Plaintiff embarrassment and general distress.

26. Defendant's conduct was willful with full knowledge of and complete disregard for Plaintiff's rights.

27. Defendant is liable to Plaintiff for all damages resulting from its tortious conduct pursuant to the provisions of La. C.C. Art. 2315.

**THIRD CLAIM OF RELIEF**

**(Injunctive Relief)**

28. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

29. Despite receiving information and evidence of the falsity statements, the Defendant has continuously and repeatedly published an article with the false statement of Plaintiff admitting to engaging in a consensual sexual relationship with a minor.

30. The defamatory article is currently available to be accessed on Houma Today.

31. The availability of the defamatory article has caused injury to Plaintiff's professional and personal reputation as well as having caused Plaintiff embarrassment and general distress.

32. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff.

33. This Court should issue an injunction enjoining the Defendants and their agents, servants, employees, and all persons acting in concert or participation with them from further publication of the defamatory article.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

a) An injunction permanently enjoining Defendants and their agents, servants, employees, and all persons acting in concert or participation with them from further publication of the defamatory article;

b) Actual damages suffered by Plaintiff as a result of Defendant's actions;

c) Plaintiff's reasonable attorneys' fees and costs;

d) For pre-judgment and post-judgment interest according to law, as applicable;

e) Any such other or further relief as the Court may deem just and proper;

f) For costs of suit incurred;

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above matter.

Dated: September 4, 2026

Respectfully submitted,

/s/DASHAWN HAYES______________
DaShawn Hayes (LA State Bar #34204)
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
PH: 504-799-0374
FAX: 504-799-0375
dphayesesquire@gmail.com
Attorneys for Plaintiff